# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Elizabeth Crawford,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-615** (Kanawha County 20-C-594)

**City of Charleston,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Elizabeth Crawford appeals the June 27, 2022, order of the Circuit Court of Kanawha County granting Respondent City of Charleston's motion to dismiss petitioner's complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.[1] The circuit court concluded that respondent was immune from petitioner's claim under the West Virginia Governmental Tort Claims and Insurance Reform Act ("Tort Claims Act"), West Virginia Code §§ 29-12A-1 to -18, and that, as a result, petitioner had failed to state a claim upon which relief could be granted. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In July 2020, petitioner filed a civil complaint against respondent, alleging that she was injured while walking on Wilkie Drive in Charleston, West Virginia, in July 2018. She claimed that, to avoid traffic, she "was forced to step into a large pool of water that [had] collected in the road." She alleged that "green slime" hid under the surface of the water and that the green slime caused her to slip, fall, suffer injuries, and incur damages. Petitioner claimed, "Based on speculation and belief, the slime like substance . . . had been present for a considerable period of time due to [respondent's] negligent failure to maintain said road." Petitioner asserted that respondent was liable for her damages pursuant to West Virginia Code § 29-12A-4(c), which provides, in relevant part:

> Subject to sections five and six of this article, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

---

[1] Petitioner appears by counsel Erika Klie Kolenich. Respondent appears by counsel Kevin Baker and Jason Neal.

. . . .

(3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, or free from nuisance, except that it is a full defense to such liability, when a bridge within a municipality is involved, that the municipality does not have the responsibility for maintaining or inspecting the bridge.

Respondent filed a motion to dismiss the complaint pursuant to Rule 12(b)(6), arguing that petitioner had failed to state a claim upon which relief could be granted because, according to respondent, West Virginia Code § 29-12A-5(a)(6) provided it with immunity from petitioner's claim as the condition that caused petitioner to fall was a temporary or natural condition resulting from weather. West Virginia Code § 29-12A-5(a) provides, in relevant part:

A political subdivision is immune from liability if a loss or claim results from:

. . . .

(6) Snow or ice conditions or temporary or natural conditions on any public way or other public place due to weather conditions, unless the condition is affirmatively caused by the negligent act of a political subdivision[.]

Following a hearing on the matter, the circuit court entered an order on June 27, 2022, granting respondent's motion. The circuit court found that petitioner's "negligence claim [was] integrally related to the temporary and everchanging weather conditions," and it concluded that the claim was barred by the Tort Claims Act. Petitioner appeals the circuit court's order to this Court, arguing that the circuit court's finding and conclusion were erroneous, and ultimately, that the circuit court erred by granting respondent's motion to dismiss. Our review of the circuit court's order is de novo. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.").

We find no error in the circuit court's finding that petitioner's negligence claim was integrally related to the temporary and everchanging weather conditions. Petitioner's complaint describes a natural condition in the roadway—green slime in a pool of water—that clearly formed because of weather conditions. As the circuit court astutely observed below: "[W]e can[not] throw common sense out the door when we're talking about these issues." Consequently, we also determine that the circuit court did not err in concluding that respondent is entitled to immunity under West Virginia Code § 29-12A-5(a)(6). *See* Syl. Pt. 1, in part, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996) ("The ultimate decision of whether qualified or statutory immunity bars a civil action is one of law for the court to determine."). As we have explained "[i]mmunities under West Virginia law are more than a defense to a suit in that they

2

grant governmental bodies and public officials the right not to be subject to the burden of trial at all." *Id.* at 148, 479 S.E.2d at 658. An immunity defense "spares the defendant from having to go forward with an inquiry into the merits of the case." *Id.* Where, as here, a claim results from a natural condition existing due to weather conditions, a political subdivision such as respondent is immune from liability. Because respondent is entitled to immunity under West Virginia Code § 29-12A-5(a)(6), the circuit court committed no error in granting respondent's motion to dismiss.[2]

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** November 17, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison

---

[2] We note three things: First, the circuit court's June 27, 2022, order determined that respondent was also entitled to immunity under West Virginia Code § 29-12A-5(a)(10), and petitioner argues on appeal that this determination was erroneous. Having decided that the circuit court did not err in concluding that respondent is entitled to immunity under West Virginia Code § 29-12A-5(a)(6), we need not consider whether the circuit court's determination concerning West Virginia Code § 29-12A-5(a)(10) was correct. Second, the parties make arguments on appeal as to whether the condition that caused petitioner to fall was open and obvious. Because the circuit court made no findings as to whether the condition was open and obvious and because we have determined respondent is immune from petitioner's claim under West Virginia Code § 29-12A-5(a)(6), we need not consider the issue. Third, we observe that petitioner's brief argues that West Virginia Code § 17-10-17 imposes liability upon respondent; however, petitioner made no arguments concerning this statute to the circuit court and petitioner has not asserted that the circuit court committed plain error in deciding respondent's motion without considering West Virginia Code § 17-10-17. Accordingly, we will not consider petitioner's arguments concerning West Virginia Code § 17-10-17 in this appeal. *See State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996) ("'"One of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result" in the imposition of a procedural bar to an appeal of that issue.'" (quoting *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995)).

3

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.